UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHILIP J. PADILLA,

                Petitioner,

     v.                              Case No. 24-CV-1165

MICHAEL T. JUDGE,

                Respondent.

## ORDER AND RECOMMENDATION ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Philip J. Padilla filed a petition for a writ of habeas corpus regarding his 2018 conviction for child enticement. (ECF No. 1.) Setting aside that there is no indication Padilla exhausted his remedies in state court, *see* 28 U.S.C. 2254(b)(1), by presenting his claims to the circuit court, Wisconsin Court of Appeals, and Wisconsin Supreme Court, *see Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023); *Sanders v. Radtke*, 48 F.4th 502, 509 (7th Cir. 2022), the bigger problem is that Padilla is no longer in custody.

A federal court has jurisdiction to consider habeas corpus petitions from a state prisoner only if he is "in custody." 28 U.S.C. § 2254(a); *Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002). Padilla states he completed supervision regarding his conviction (and, in

fact, it is because he completed his supervision that he was able to again use the internet to explore the means to challenge his conviction). (ECF No. 1 at 14.) That Padilla is no longer under supervision is confirmed by a review of the Department of Correction's database, available at https://appsdoc.wi.gov/lop.

Padilla asserts that he remains in custody because he is "listed as a Tier 2 sex offender." (ECF No. 1 at 14.) However, the requirement to register as a sex offender and its attendant consequences is not "custody" for purposes of 28 U.S.C. § 2254. *Virsnieks v. Smith*, 521 F.3d 707, 718-20 (7th Cir. 2008). Because Padilla is not in custody, the court cannot grant him habeas relief.

**IT IS THEREFORE RECOMMENDED** that Padilla's petition for a writ of habeas corpus be **dismissed**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

All of the petitioner's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 9th day of October, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge